UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 20 CR 546 |
| v. | |
| BRIAN HAYWOOD AND MARQUEES FRENCH | Hon. Rebecca R. Pallmeyer<br>Chief Judge |

### GOVERNMENT'S UNOPPOSED MOTION
### FOR AN EXTENSION OF TIME TO RETURN INDICTMENT

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits this motion to the Court, pursuant to 18 U.S.C. § 3161(h)(7)(A), for a 35-day extension of time, to and including November 24, 2020, in which to seek the return of an indictment against defendant Darius Young, for the following reasons:

### Background

1. The defendant was arrested and charged by criminal complaint on Tuesday, August 25, 2020. The complaint charges the defendants with selling and otherwise disposing of a firearm to a person, knowing and having reasonable cause to believe such person was convicted of a crime punishable by imprisonment of a term exceeding one year in, in violation of Title 18, United States Code, Section 922(d)(1).

2. A detention hearing was held on August 28, 2020, and pursuant to an agreement between the parties, the Honorable Sheila M. Finnegan ordered the defendants released on conditions pending trial. (Docs. 10 and 11).

3. As set forth in the affidavit in support of the complaint, the FBI is investigating the extent of the defendants' involvement in straw purchasing firearms for residents of the Chicagoland area from federal licensed firearms dealers in Indiana.

**Argument**

4. Under the Speedy Trial Act, the government must file any information or indictment charging an individual with the commission of an offense within thirty days from the date on which the individual was arrested. 18 U.S.C. § 3161(b). The deadline for the Grand Jury to return an indictment is currently September 24, 2020.

5. The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A); *see also United States v. Adams*, 625 F.3d 371, 378-79 (7th Cir. 2010). Among the non-exclusive factors a court may consider are:

> Whether the case is so unusual or so complex, due to the number of defendants [or] the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), … would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(B)(ii), (iii), and (iv).

6. The government respectfully submits that one 35-day continuance is warranted in this case pursuant to the foregoing provisions, and specifically the provision which allows for a continuance where the government needs reasonable additional time to prepare effectively for the return of an indictment, taking into account the exercise of due diligence.

7. For the reasons set forth in the *ex parte* sealed Attachment to this Motion, the government respectfully requests an additional 35 days for the Grand Jury to return an indictment against defendant any additional defendants. This is the government's first request for an extension of time.

8. The government has consulted with counsel for both defendants, who have no objection to this motion.

## Conclusion

For these reasons, the United States respectfully requests that this Court grant this Motion and extend the time for the return of an indictment against the defendants to, and including, October 29, 2020.

        Respectfully submitted,

        JOHN R. LAUSCH, JR.
        United States Attorney

By:   */s/Albert Berry III*
        ALBERT BERRY III
        Assistant United States Attorney
        219 South Dearborn Street, Room 500
        Chicago, Illinois 60604
        Tel: (312) 886-7855

Dated: September 23, 2020